**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| DEREK ALLEN, | : | Civil No. 04-1783 (FLW) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **O P I N I O N** |
|  | : |  |
| C. J. DEROSA, Warden, et al., | : |  |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES**:

    DEREK ALLEN, Petitioner pro se
    #51360-066
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    CHRISTOPHER J. CHRISTIE, U.S. Attorney
    DOROTHY DONNELLY, AUSA
    402 East State Street, Suite 3000
    Trenton, New Jersey 08608
    Attorneys for Respondent, C. J. DeRosa

**WOLFSON**, District Judge

    Petitioner Derek Allen, a federal prisoner currently confined at the Federal Correctional Institution ("F.C.I.") at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

respondents are Warden C. J. DeRosa, F.C.I. Fort Dix, and the Pennsylvania Board of Probation and Parole ("PBPP").  The Warden respondent answered the petition on or about September 23, 2004.  The respondent, PBPP, has not answered the petition.  For the reasons stated herein, the Petition will be bifurcated: the claim against the Warden respondent will be dismissed without prejudice, and the claim against the PBPP will be dismissed for lack of "in custody" jurisdiction.

## I.  BACKGROUND

Petitioner, Derek Allen ("Allen"), is currently serving a sentence of 188 months that commenced on June 30, 1998, the date his judgment of conviction was entered by the United States District Court for the Eastern District of Pennsylvania.  (Respondent's Answer, at pp. 6-7).  His projected release date is February 16, 2012.  (Resp. Answer at pg. 7).

In his Petition, Allen contends that he is being denied placement in a lower level institution and community pre-release programs based on an allegedly invalid detainer lodged against him by the Pennsylvania Board of Probation and Parole ("PBPP").  Allen claims the detainer is invalid because he has already served time for the state parole violation before being

---

(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

transferred from that sentence into the custody of the United States Bureau of Prisons ("BOP").

Allen was arrested on federal charges on July 13, 1997. He remained in federal custody until July 18, 1997. At that point, Allen was returned to state custody for a parole violation hearing, and was sentenced for two years on November 18, 1997. Full satisfaction of this two-year sentence would have been July 18, 1999. However, while in state custody for the parole violation, Allen's federal sentence began running on June 30, 1998. From that point, Allen still had about one year remaining on his state sentence. The respondent contends that only the state PBPP can allow credit for the time served and attributed to Allen's federal sentence. The relevant administrative records show that Allen remained in state custody until April 19, 2000, when he was transferred into BOP custody.

On October 2, 2002, the PBPP wrote to ISM Records, Ms. Tracy Davis, at FCI Fort Dix, requesting that FCI Fort Dix lodge a warrant against Allen as a detainer for a parole violation. The PBPP's letter and warrant also requested that FCI Fort Dix notify the PBPP approximately 60 days before Allen's actual release so that appropriate extradition arrangements could be made to secure Allen's return to state custody. (Resp. Exhibit 2b). A detainer was thereafter lodged against Allen on October 9, 2002 at FCI Fort Dix. (Resp. Ex. 2c).

II.  ANALYSIS

At the outset, it appears that the petition may be bifurcated because it asserts two separate claims against two separate respondents.  The first claim is against the Warden at FCI Fort Dix, which asserts that Allen would otherwise be eligible for a lower prison classification and community pre-release programs but for the lodging of an allegedly invalid detainer against him.  The Court finds that this claim is subject to dismissal without prejudice because petitioner did not attempt to exhaust his administrative remedies as required under federal law.

The second claim is against the PBPP, challenging the legitimacy of the warrant for detainer.  This claim is subject to dismissal for want of "in custody" jurisdiction.

A.  Non-Exhaustion of Administrative Remedies

In response to Allen's claim concerning the manner in which his sentence is being executed by the BOP, the Government contends that Allen has failed to exhaust his administrative remedies, and therefore, the petition should be dismissed without prejudice.[2]  Although 28 U.S.C. § 2241 contains no statutory

---

[2] The respondent concedes that this Court has jurisdiction over any claim regarding the computation of Allen's federal sentence. However, to the extent that Allen seeks credit on his federal sentence for time served while in state custody, which does not appear to be the case, such claim is moot. The BOP granted Allen time served nunc pro tunc to the date his federal judgment of conviction was entered.

exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959,

\*2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, it does not appear that Allen is challenging the general implementation of BOP regulations or statutory law. Rather, he seems to take issue with the BOP's application of the detainer lodged against him to deny Allen eligibility to community pre-release programs and lower level prison classification. In other words, Allen challenges the manner in which the BOP is executing his sentence by enforcing the detainer to preclude Allen's classification and transfer to a lower level institution and community pre-release programs.

Respondent argues, and this Court agrees, that this type of claim is subject to the Prison Litigation Reform Act ("PLRA") of 1996, which requires exhaustion under 42 U.S.C. § 1997e(a).[3] Under the PLRA, an inmate's exhaustion of available administrative remedies is a mandatory prerequisite to judicial review of any challenge to prison life. Porter v. Nussle, 534 U.S. 516, 524, 532 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

---

[3] This statute expressly provides:

> No action shall be brought with respect to prison conditions under section 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

6

In this case, Allen has not pursued any administrative remedies to redress his claim concerning the BOP's application of the detainer to deny him eligibility to community pre-release programs.  Thus, Allen has not exhausted the administrative remedies available to him under 28 C.F.R. § 542.10 et seq.[4]  Allen does not argue that exhaustion would be futile.  Nor does he assert that this claim, concerning the application of a state parole violation detainer to while serving a federal sentence, is not amenable to the BOP's particular expertise.[5]  Therefore, this

---

[4] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.

[5] To the extent that Allen may be alleging that the BOP violated his right to due process by lodging the detainer without a hearing, this claim is without merit.  The Supreme Court has held that lodging a detainer with a prison in which the parolee is confined pursuant to another judgment of conviction does not require a due process hearing.  Moody v. Daggett, 429 U.S. 78, 88-89 (1976).  A due process hearing is required only where the loss of liberty coincides with the execution of the warrant.  Id.  Here, Allen was already in federal custody, pursuant to a federal

7

Court finds that petitioner is required to exhaust his administrative remedies, and his failure to do so mandates dismissal of this claim without prejudice.

B.   Jurisdiction Over Legitimacy of Warrant for Detainer Claim

Separate from his claim regarding the impact of the detainer on his federal sentence, Allen also contests the legitimacy of the PBPP's warrant of detainer, namely, that the PBPP incorrectly issued the warrant of detainer.  This claim, of course, is directed against the PBPP.

However, the overriding defect of this claim is that the Court lacks jurisdiction over it pursuant to 28 U.S.C. § 2241(c)(3).  "Absent custody by authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ."  Campillo v. Sullivan, 853 F.2d 593 (8th Cir. 1988)(denying habeas petition seeking immediate deportation during state term of imprisonment), cert. denied, 490 U.S. 1082 (1989).  Here, Allen admits that he is currently serving his federal sentence and thus, is in the custody of federal prison authorities, not the PBPP against whom he principally seeks relief from the detainer.

Generally, courts do not base custody solely on the issuance of a detainer.  See, e.g., Campillo, 853 F.2d at 595; Prieto v.

---

conviction when the detainer was lodged at the PBPP's request.
There was no loss of liberty when the detainer was lodged, and
accordingly, no denial of due process.

Gluch, 913 F.2d 1159, 1162-63 (6th Cir. 1990), cert. denied, 498 U.S. 1092 (1991); Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995); Garcia v. I.N.S., 733 F. Supp. 1554 (M.D. Pa. 1990). Rather, a detainer is simply an "internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a parole violation has had an opportunity to act in this case by taking the inmate into custody or by making a parole revocation determination."  Moody v. Daggett, 429 U.S. 78, 80-81, n.2 (1976).

Therefore, Allen's claim challenging the legitimacy of the detainer warrant is subject to dismissal because the respondent Warden cannot provide the relief requested, which may only be granted by the PBPP.  Since Allen is not in the custody of the PBPP, this claim must be dismissed in its entirety for lack of "in custody" jurisdiction.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be bifurcated into two separate claims.  The first claim against the Warden respondent will be dismissed without prejudice for failure to exhaust administrative remedies.  The second claim as asserted against the PBPP, challenging the validity of the detainer, will

be dismissed with prejudice for lack of "in custody" jurisdiction.   An appropriate order follows.


                                               S/Freda L. Wolfson
                                               FREDA L. WOLFSON
                                               United States District Judge
Dated: December 2, 2005